FILED

MAR 2 8 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  Salvador Hernandez Jaime
2  927 N. Jasmine Ave
   Ontario CA  91762
3  951/538-3838

4

5  Debtor/Movant

6

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

10

11 In re:                          )  Case No. **2:15-bk-29263-BB**
                                   )
12    Daniel Dario Collazo, Jr.,   )  Adv. No. _____
                                   )
13                                 )  Chapter  7
                                   )
14              Debtor(s).         )  COMPLAINT TO DETERMINE
                                   )  DISCHARGEABILITY OF DEBT
15                                 )  PURSUANT TO:
                                   )  11 U.S.C.  §523(a)(2)
16                                 )
17 ─────────────────────────────────

18 **TO THE HONORABLE SHERI BLUEBOND AND ALL INTERESTED PARTIES:**

19

20      Comes now Salvador Hernandez Jaime "Jaime" Judgment Creditor in the above-

21 captioned bankruptcy case, complains against Daniel Dario Collazo, Jr., "Collazo, Jr." as

22 follows:

23              **STATEMENT OF JURISDICTION AND VENUE**

24
        1.     This is an action to determine the dischargeability of certain debts pursuant to
25
   U.S.C.  §523 (a)(2).
26
        2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.
27
28 §157 and §1334.

3.      This adversary proceeding arises and related to the bankruptcy case of Collazo, Jr. Case # 2:15-29263-BB

4.      Venue is proper in this district pursuant to 28 U.S.C. §1409, as this adversary proceeding does not involve a consumer debt less than $5,000.00.

5.      This action is a core procedure pursuant to 28 U.S.C. §157(b)(2)(I) (determination as to the dischargeability of particular debts).

6.      The complaint is timely because the date by which a complaint objecting to the Debtor's Discharge or to determine dischargeability of a debt expires on March 28, 2016.

## THE PARTIES

6.      Jaime is an individual and is currently suing the debtor in the above mentioned bankruptcy case in state court.

7.      Collazo, Jr., is the debtor in the above-entitled bankruptcy case and at all times relevant herein, is an individual residing in Los Angeles County, State of California.

## FACTS

8.      This action is based on the Debtor's willful and malicious acts to cause Jaime economic loss due to fraud and/or conversion.

9.      The subject matter of Jaime's claim is the sale and transfer of 1958 Classic Football Club and Super Soccer League to Carlos Carillo and Daniel Collazo, Jr..

9.      On or about September 18th, 2012, Jaime and Collazo, Jr. agreed to specific terms of monies loaned in the sum of $70,000.   Collazo Jr. represented to Jaime that in exchange for $400 weekly payments until paid, he would provide him with a repayment of that amount -on or before October 17, 2017, plus interest of 12% on the principal of that amount, provided that Jaime would not object to the sale of the Super Soccer League.

10.     The agreement was reduced to writing (a promissory note) and signed by Jamie and Collazo, Jr. on September 18th, 2012, (hereinafter referred to as Promissory Note).  A copy

of said Promissory Note is attached as **Exhibit A** though fully set forth and incorporated herein by this reference.

11.    Collazo, Jr. made a total of $7,398.46 toward the principal on the Note, leaving a balance due of $62,601.54, plus interest at 12% from June 3, 2013. Collazo, Jr. made 18 weekly payments before defaulting on the note. In essence, Collazo Jr. made payments on the note for a total of 4 months.

12.    Jaime filed a complaint against Defendant/Debtor in State court alleging fraud and breach of contract on or about February 21, 2014. Collazo, Jr. did not file a responsive pleading and an order for default was entered along with a default judgment on February 20, 2015. See Complaint and and/or Default attached as **Exhibit B** as though fully set forth and incorporated herein by this reference.

14.    Subsequently, Debtor Collazo, Jr., was ordered to a Debtor's Examination and failed to appear on September 22, 2015. At that point a Bench Warrant was issued on September 22, 2015, against Collazo, Jr. See Bench Warrant as **Exhibit C** as though fully set forth and incorporated herein by this reference.

## ARGUMENT

15.    In order to prove fraud under § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence the following five elements: (1) the debtor made a material misrepresentation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5) due to which the creditor sustained loss or damage. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

16.    For a debt to be excepted from discharge under section 523(a)(2)(A), the debtor must actually intend to defraud the creditor. In re Tsurukawa, 258 BR 192 (9th Cir. BAP 2001) (emphasis added). Creditors are unlikely, in a Perry Mason moment, to admit on the stand that they intended to commit fraud. Not to worry, intent to deceive is a question of fact which may be inferred from surrounding circumstances. In re Kennedy, 108 F.3d 1015, 1018 (9th Cir. 1997).

17.     A direct benefit to the debtor is not required. Instead, the question is whether the creditor sustained a loss due to the fraudulent conduct. See Ghomeshi (In re Sabban), at 1222. The primary issue is whether the loss suffered by the creditor is sustained as a proximate result of the debtor's false representation. Id. at 1223. In other words, the debt must "result from" or be "traceable" to the debtor's fraudulent conduct. Cohen v. de la Cruz, 523 U.S. 213, 218 (1998). Creditors must actually be unaware of the falsehood. For purposes of subsection 523(a)(2)(A), the creditor's reliance need only be 'justifiable" as opposed to the higher "reasonableness" standard. Field v. Mans, 516 US 59, 70 (1995). The Ninth Circuit explained justifiable reliance as follows:

> The general rule is that a person may justifiably rely on a representation even if the falsity of the representation could have been ascertained upon investigation. In other words, negligence in failing to discover an intentional misrepresentation is no defense. However, a person cannot rely on a representation if he knows that it is false or its falsity is obvious to him. In sum, although a person ordinarily has no duty to investigate the truth of a representation, a person cannot purport to rely on preposterous representations or close his eyes to avoid discovery of the truth.

Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1090B91 (9th Cir.1996) (quotations omitted).

## FIRST CLAIM FOR RELIEF

### Debt Non-Dischargeable under 11 U.S.C. 523 (a)(6)

18.     Jaime re-alleges each of the above paragraphs as set forth above herein by reference.

19.     Debtor Collazo, Jr. defrauded Jaime out of $62,501.54, plus interest by his willful and malicious acts, and suffered economic loss in the amount of $62,501.54, plus interest at 12%. Jaime's loss was a direct and proximate results of Collazo, Jr. representations on which Jaime was induced and relied upon.

## PRAYER FOR RELIEF

WHEREFORE, Movant/Jaime, prays:

1.  That the Court determine that the debt owing by Debtor Collazo, Jr., to Jaime is non-dischargeable;

2.  That the Court enter judgment declaring that any Judgment awarded by State Court in favor of Jaime and against Debtor Collazo, Jr. in relation to the above mentioned contract be non-dischargeable.

3.  That the Court enter judgment declaring that Judgment awarded in favor of Jaime against Debtor Collazo, Jr. in State Court case identified by case number RCO66673, located in the Superior Court of California, County of Los Angeles be non-dischargeable.

4.  That Jaime be awarded fees and costs pursuant to this statute;

5.  And that Jaime have such other and further relief as the Court deems just and proper.

Dated:   March 25, 2016

_____
Salvador Hernandez Jaime

Complaint to Determine Dischargeability of Debt

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:     4795 Holt Blvd, Ste 212
Montclair  CA  91763

A true and correct copy of the foregoing document described  ___ADVERSARIAL COMPLAINT__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 15, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __March 28, 2016_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Hon. Sheri Bluebond<br>United States Bankruptcy Court- Edward R. Roybal<br>Federal Building and Courthouse<br>255 E. Temple Street, Suite 1482 / Courtroom 1475<br>Los Angeles, CA 90012 | |
| Daniel Dario Collazo, Jr.<br>115 E. 3rd St Apt 301<br>Pomona, CA 91766 | Law Offices of Luis G Torres<br>1712 W Beverly Blvd Ste 202<br>Montebello, CA 90640 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/28/16 | Feliciano Alonzo | |
|---|---|---|
| Date | Type Name | Signature |

Complaint to Determine Dischargeability of Debt

## **EXHIBIT A**

# PROMISSORY NOTE

$70,000.00                                        Date: September 18, 2012

For value received, the undersigned Daniel Collazo (the "Borrower"), at 809 South Glendora Ave, West Covina, California 91790, and Carlos Carillo 200 West Holt Ave, Pomona CA 91768 promises to pay to the order of Salvador Jaime (the "Lender"), at 927 North Jasmine Ontario, California 91767 (or at such other place as the Lender may designate in writing), the sum of $70,000.00 at 12% interest annually.

## TERMS OF REPAYMENT

### A. Payments

The unpaid principal shall be payable in weekly installments of $400 of profit made from all monies earned from (what was formerly know as) Super Soccer League in the City of Pomona, CA; beginning on November 5, 2012 and ending on October 17, 2017 (Due Date which entire balance must be paid by) or until total debt is paid off.

If a payment is late for 4 consecutive weeks, a 10% will be added to the balance of the loan. If a check tendered by borrower is returned or declined a charge of $30 shall be added to the balance of the loan, and all future payments shall be accepted only in guaranteed funds (cash, money order, certified check).

## SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## MISCELLANEOUS

**If at any point Carlos Carillo is bought out of his contract at the stated amount of $100,000.00 (as per contract agreement between Carlos Carillo and Daniel Collazo), then Salvador Jaime shall be paid in full by Carlos Carillo within 48 hours and this contract between Daniel Collazo and Salvador Jaime is NULL AND VOID.**

_____ initials
_____ initials
_____ initials

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

(page 1 of 2)

MR. Valle

**EXHIBIT "A"**

2/

As long as Carlos Carillo and Daniel Collazo maintain the $400 weekly payments to Salvador Jaime as per this contract agreement, any previous contracts/agreements made pertaining to this matter between Carlos Carillo and Salvador Jaime will remain invalid and unenforceable.

_____ initials
_____ initials
_____ initials

Once the full amount of $70,000.00 is paid to Salvador Jaime, he relinquishes all future rights and monies effective IMMEDIATELY.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

**GOVERNING LAW**

This Note shall be construed in accordance with the laws of the State of California.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 18th day of September, 2012

Borrower:
Daniel Collazo
By: _____    Daniel Collazo
Daniel Collazo

Borrower:
Carlos Carillo
By: _____    Carlos Carillo
Carlos Carillo

Lender
Salvador Jaime
By _____    Salvador Jaime
Salvador Jaime

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

M.R. Valle

(page 2 of 2)

22

State of California                           )          **CALIFORNIA ALL-PURPOSE**
County of ___Los Angeles___                  )          **CERTIFICATE OF ACKNOWLEDGMENT**

On __09_|_18_|_2012__ before me, __M.R. Valle, Notary Public__ ,
<span style="font-size:smaller">(here insert name and title of the officer)</span>

personally appeared __Carlos R. Carrillo , Salvador Jaime and__

__Daniel D. Collazo Jr.__ _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __M.R. Valle__ _____

[SEAL:
M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014]

(Seal)

─────────────────── *OPTIONAL INFORMATION* ───────────────────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this
acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document
titled/for the purpose of _____

_____ .

containing _____ pages, and dated _____

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-in-Fact
☐ Corporate Officer(s) _____
                                             Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
                     Name(s) of Person(s) or Entity(ies) Signer is Representing

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
☐ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____   Entry # _____

Notary contact: _____

Other
☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
☐

© Copyright 2007 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612   Form ACK03. 10/07.   To re-order, call toll-free 1-877-349-6588 or visit us on the Internet at http://www.notaryrotary.com

## GENERAL CONTRACT FOR 1958 Classic Futbol Club & Super Soccer League merge

This Contract (this "Contract") is made effective as of September 04, 2012, by and between Carlos Carrillo, of 200 West Holt Ave, Pomona, California 91768, (Super Soccer League), and Daniel Collazo, of 809 South Glendora Ave, West Covina, California 91790, (1958 Classic Futbol Club).

**1. ITEMS PURCHASED.** Super Soccer League agrees to sell 60% Ownership/Profit share, and 1958 Classic Futbol Club agrees to buy, the following products (the "Goods") in accordance with the terms and conditions of this Contract:

| *Description* | *Quantity* | *Unit Price* | *Total Price* |
|---|---|---|---|
| Entire Soccer League including names/info of all teams/players, field locations, inventory, etc. | | | |
| TOTAL | | | 40% Ownership/profit share |

**2. PRODUCT STANDARDS.** The Goods shall comply with the specifications in the attached Exhibit A and incorporated into this Contract by this reference.

**3. PAYMENT.** Payment shall be made to City of Pomona -Community Services Department, P.O. Box 660 Pomona, California 91769.

1958 Classic Futbol Club agrees to pay Super Soccer League as follows:

40% of profit (minimum of $400 per week from monies earned from Super Soccer League merge including all ages/divisions) 1958 CFC will also payoff Super Soccer Leagues debt owed to city of Pomona [half (approx 12-15K) by September 19, 2012 and weekly payments of $3000 will be made until the remaining balance of total debt owed is completely eliminated as well as the approx $5K dollars in prize money to be paid at end of current seasons ending this first week of September 2012 (approx 30K total)]
Carlos Carrillo agrees to dedicate any necessary hours of work throughout the week in order to maintain his 40% profit share until the end of the calendar year (December 31, 2012).
As of January 1, 2013, 1958 CFC agrees to pay Carlos Carrillo an hourly wage of $10 per hour for every hour of work as needed.

This contract will be considered PAID IN FULL and Carlos Carrillo will give up his 40% Ownership/profit share back to 1958 Classic Futbol Club after a total of 13 years (676 weeks) of being paid 40% profit every week. (approx total payoff value: $270,400.00)
Final payment will be made September of 2025.

© This is a      Legal Document ©

**EXHIBIT B**

25

*Handwritten left margin:* Payment certified by Carlos Carrillo

*Handwritten left margin:* Note: Payment Daniel Collazo to



If at ANY point 1958 CFC gives a lump sum of $100,000.00 to Carlos Carrillo, Carlos Carrillo
will forfeit all future payments of any kind and will give up his 40% ownership/share in profits,
leaving 1958 CFC the sole owners at 100%
Carlos Carrillo can buy back the 60% from 1958 CFC at any time with a lump sum of
$150,000.00
and 1958 CFC will give up any/all ownership/profit share.
Beneficiary of this contract for the first 5 years on behave of Carlos Carrillo will be:
Salvador Jaime. The remaining 8 years of beneficiary eligibility will go to: Olga Carrillo

Sandra Gutierrez of Super Soccer League will become an employee of 1958 Classic Futbol Club
(at an hourly rate of $10 per hour) effective immediately and guaranteed employment (as long as
she maintains employee requirements/duties) for at least until the end of the calendar year
(December 31, 2012) at which point accounting will be done and all parties involved will reach a
mutual agreement as to if and when employment will terminate.

On January 1, 2013, Carlos Carrillo and 1958 CFC will go over all monies, accounting, profits,
costs, debts, etc to determine exactly how much Carlos Carrillo will be getting paid weekly (40%
ownership/profit) for the following 3 months.
Every 3 months (quarterly) thereafter, the same accounting will take place, and Carlos Carrillo's
weekly pay will be determined for the following 3 months. And so on and so forth.
Every year; quarterly accounting meetings/reports (to be performed by a Public Accountant 4
times a year) will take place and determine Carlos Carrillo's weekly pay during the first week of
following months:
-January
-April
-July
-October

In addition to any other right or remedy provided by law, if 1958 Classic Futbol Club fails to pay
for the Goods when due, Super Soccer League has the option to treat such failure to pay as a
material breach of this Contract, and may cancel this Contract and/or seek legal remedies.

Carlos Carrillo is only eligible to receive any payments if: 62 of the 87 (approx 75%) of the teams
currently registered (as of 9/4/2012) remain a part of the league for at least 1 more season. If
league/division is currently not over yet, 75% of those teams must register for, pay, and play at
least one more season in the league. - All the field and office equipment currently being used
(goals, flags, cones, paint, computers, monitors, desks, chairs, files, drawers, paperwork, etc.) are
transferred over to 1958 CFC as well. - Carlos Carrillo can NOT take part in any other Soccer
League (male, female, youth, etc) in the state of California for 2 years. - If after 2 years pass and
Carlos Carrillo does decide to start/join any other soccer league and any teams from 1958 CFC
Soccer League leave to join that league which Carlos Carrillo is a part of, he will forfeit any/all
future payments/profits forever.

4. DELIVERY. Time is of the essence in the performance of this Contract. As soon as contract is
signed, Carlos Carrillo will immediately hand over Super Soccer League to 1958 Classic Futbol
Club and the 2 parties will determine a date/time to meet up to take over all tangible goods





associated with Super Soccer League (keys, supplies, equipment, team/player info, etc).

The complete turnover of goods (intangible and tangible) must all be delivered to 1958 CFC within 2 days after contract is signed.

**5. PAYMENT OF TAXES.** 1958 Classic Futbol Club agrees to pay all taxes of every description, federal, state, and municipal, that arise as a result of this sale, excluding income taxes.

**6. WARRANTIES.** Super Soccer League warrants to 1958 Classic Futbol Club that the Goods will conform substantially to the applicable drawings or design standards. All team/player/league information from Super Soccer League are to be sole property of 1958 Classic Futbol Club.

SUPER SOCCER LEAGUE SHALL IN NO EVENT BE LIABLE FOR ANY INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES OF ANY NATURE, EVEN IF SUPER SOCCER LEAGUE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**7. INSPECTION.** 1958 Classic Futbol Club, upon receiving possession of the Goods, shall have a reasonable opportunity to inspect the Goods to determine if the Goods conform to the requirements of this Contract. If 1958 Classic Futbol Club, in good faith, determines that all or a portion of the Goods are non-conforming, 1958 Classic Futbol Club may return the Goods to Super Soccer League at 1958 Classic Futbol Club's expense. 1958 Classic Futbol Club must provide written notice to Super Soccer League of the reason for rejecting the Goods. Super Soccer League will have 2 days from the return of the Goods to remedy such defects under the terms of this Contract.

**8. OWNERSHIP OF SOCIAL MEDIA CONTACTS.** Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, Youtube, or other social media networks) used or created on behalf of Daniel Collazo are the property of 1958 Classic Futbol Club.

**9. DEFAULT.** The occurrence of any of the following shall constitute a material default under this Contract:

   a. The failure to make a required payment when due.

   b. The insolvency or bankruptcy of either party.

   c. The subjection of any of either party's property to any levy, seizure, general assignment for the benefit of creditors, application or sale for or by any creditor or government agency.

   d. The failure to make available or deliver the Goods in the time and manner provided for in this Contract.

**10. REMEDIES ON DEFAULT.** In addition to any and all other rights a party may have available according to law, if a party defaults by failing to substantially perform any provision, term or condition of this Contract (including without limitation the failure to make a monetary payment

27



when due), the other party may terminate the Contract by providing written notice to the defaulting party. This notice shall describe with sufficient detail the nature of the default. The party receiving such notice shall have 30 days from the effective date of such notice to cure the default(s). Unless waived by a party providing notice, the failure to cure the default(s) within such time period shall result in the automatic termination of this Contract.

**11. ARBITRATION.** Any controversies or disputes arising out of or relating to this Contract shall be resolved by binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association. The parties shall select a mutually acceptable arbitrator knowledgeable about issues relating to the subject matter of this Contract. In the event the parties are unable to agree to such a selection, each party will select an arbitrator and the two arbitrators in turn shall select a third arbitrator, all three of whom shall preside jointly over the matter. The arbitration shall take place at a location that is reasonably centrally located between the parties, or otherwise mutually agreed upon by the parties. All documents, materials, and information in the possession of each party that are in any way relevant to the dispute shall be made available to the other party for review and copying no later than 30 days after the notice of arbitration is served. The arbitrator(s) shall not have the authority to modify any provision of this Contract or to award punitive damages. The arbitrator(s) shall have the power to issue mandatory orders and restraint orders in connection with the arbitration. The decision rendered by the arbitrator(s) shall be final and binding on the parties, and judgment may be entered in conformity with the decision in any court having jurisdiction. The agreement to arbitration shall be specifically enforceable under the prevailing arbitration law. During the continuance of any arbitration proceeding, the parties shall continue to perform their respective obligations under this Contract.

**12. CONFIDENTIALITY.** Upon termination of this Contract, Super Soccer League will return to 1958 Classic Futbol Club all records, notes, documentation and other items that were used, created, or controlled by Super Soccer League during the term of this Contract.

Both parties acknowledge that during the course of this Contract, each may obtain confidential information regarding the other party's business. Both parties agree to treat all such information and the terms of this Contract as confidential and to take all reasonable precautions against disclosure of such information to unauthorized third parties during and after the term of this Contract. Upon request by an owner, all documents relating to the confidential information will be returned to such owner.

**13. NOTICE.** Any notice or communication required or permitted under this Contract shall be sufficiently given if delivered in person or by certified mail, return receipt requested, to the addresses listed above or to such other address as one party may have furnished to the other in writing. The notice shall be deemed received when delivered or signed for, or on the third day after mailing if not signed for.

**14. ASSIGNMENT.** Neither party may assign or transfer this Contract without prior written consent of the other party, which consent shall not be unreasonably withheld.

**15. ENTIRE CONTRACT.** This Contract contains the entire agreement of the parties regarding the subject matter of this Contract, and there are no other promises or conditions in any other

28



© This is a          Legal Document ©



agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**16. AMENDMENT.** This Contract may be modified or amended if the amendment is made in writing and signed by both parties.

**17. SEVERABILITY.** If any provision of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**19. APPLICABLE LAW.** This Contract shall be governed by the laws of the State of California.

Buyer:
Daniel Collazo

By: _____ Daniel Collazo 09/04/12
Daniel Dario Collazo
President

Seller:
Carlos Castillo

By: _____ Carlos Carillo 9-4-12
Carlos Carillo
President

© This is a                    Legal Document ©

**EXHIBIT B**

*1st Amended* **SUMMONS**

**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DANIEL DARIO COLLAZO, JR. aka DANIEL COLLAZO
CARLOS R. CARRILLO aka CARLOS CARRILLO
*Does 1 to 40*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
SALVADOR HERNANDEZ JAIME

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**

SEP 16 2014

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR COURT 400 Civic Center Plaza Pomona, California 91766 | **CASE NUMBER:** *(Número del Caso):* KC066673 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GREG C. OJEDA    Attorney at Law
1407 Foothill Blvd., Suite 107    909-374-9392
La Verne, California 91750

| DATE: SEP 16 2014 *(Fecha)* | SHERRI R. CARTER | Clerk, by *(Secretario)* | J. GONZALEZ | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
ESSENTIAL FORMS™

*1st Amended* **SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
GREG C. OJEDA                                    80484
Attorney at Law
1407 Foothill Blvd., Suite 107
La Verne, California 91750
TELEPHONE NO: 909-374-9392          FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*    gregojedaesq@verizon.net
ATTORNEY FOR *(Name):*  SALVADOR HERNANDEZ JAIME

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: Same
CITY AND ZIP CODE: Pomona, California 91766
BRANCH NAME: EAST DISTRICT

PLAINTIFF: SALVADOR HERNANDEZ JAIME

DEFENDANT: DANIEL DARIO COLLAZO, JR. aka DANIEL COLLAZO,
CARLOS R. CARRILLO aka CARLOS CARRILLO

[X] DOES 1 TO 40

FOR COURT USE ONLY

ORIGINAL FILED

SEP 16 2014

LOS ANGELES
SUPERIOR COURT

**CONTRACT**

| | |
|---|---|
| [ ] COMPLAINT | [X] AMENDED COMPLAINT *(Number)*: FIRST |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number)*: |

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
            [ ] exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
KC066673

1. Plaintiff* *(name or names):* SALVADOR HERNANDEZ JAIME

alleges causes of action against defendant* *(name or names):* DANIEL DARIO COLLAZO, JR. aka DANIEL COLLAZO
CARLOS R. CARRILLO aka CARLOS CARRILLO

2. This pleading, including attachments and exhibits, consists of the following number of pages: 12

3. a. Each plaintiff named above is a competent adult
   [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] other *(specify)*:

  b. [ ] Plaintiff *(name)*:
     a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

     b. [ ] has complied with all licensing requirements as a licensed* *(specify)*:
  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   [ ] except defendant *(name)*:          [ ] except defendant *(name)*:

      (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
      (2) [ ] a corporation              (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*:    (3) [ ] an unincorporated entity *(describe)*:

      (4) [ ] a public entity *(describe)*:         (4) [ ] a public entity *(describe)*:

      (5) [ ] other *(specify)*:              (5) [ ] other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
ESSENTIAL FORMS™

Amended    COMPLAINT - Contract

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JAIME vs. COLLAZO & CARRILLO | KC066673 |

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1)  ☒ Doe defendants *(specify Doe numbers):*    1 to 20    were the agents or employees of the named defendants and acted within the scope of that agency or employment.
        (2)  ☒ Doe defendants *(specify Doe numbers):*    21 to 40    are persons whose capacities are unknown to plaintiff.
    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  ☐ Plaintiff is required to comply with a claims statute, and
    a.  ☐ has complied with applicable claims statutes, *or*
    b.  ☐ is excused from complying because *(specify):*

6.  ☐ This action is subject to  ☐ Civil Code section 1812.10  ☐ Civil Code section 2984.4.

7.  This court is the proper court because
    a.  ☒ a defendant entered into the contract here.
    b.  ☒ a defendant lived here when the contract was entered into.
    c.  ☐ a defendant lives here now.
    d.  ☒ the contract was to be performed here.
    e.  ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  ☐ real property that is the subject of this action is located here.
    g.  ☐ other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    ☒ Breach of Contract
    ☐ Common Counts
    ☒ Other *(specify):*    FRAUD

9.  ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  ☒ damages of: $        62,602
    b.  ☒ interest on the damages
        (1)  ☐ according to proof.
        (2)  ☒ at the rate of *(specify):*  12    percent per year from *(date):*  June 3, 2013
    c.  ☐ attorney's fees
        (1)  ☐ of: $
        (2)  ☐ according to proof.
    d.  ☐ other *(specify):*

11. ☐  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: **September**        , **2014**

**GREG C. OJEDA**                                    ▸ /S/
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)
                                    *(if you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]                    **COMPLAINT - Contract**                    Page 2 of 2

Martin Dean's
ESSENTIAL FORMS™

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JAIME vs. COLLAZO & CARRILLO | KC066673 |

## FIRST _____  CAUSE OF ACTION-Breach of Contract
_(number)_

**FIRST AMENDED**
ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_:  **SALVADOR HERNANDEZ JAIME**

alleges that on or about _(date)_:  **September 18, 2012**
a [X] written  [ ] oral  [ ] other _(specify)_:
agreement was made between _(name parties to agreement)_: SALVADOR HERNANDEZ JAIME, CARLOS R CARRILLO and DANIEL DARIO COLLAZO JR

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows _(specify)_:

BC-2. On or about _(dates)_: **June 10, 2013**
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts _(specify)_:
**Defendants failed to pay the $400 weekly amount due under the contract.**

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows _(specify)_:
**Plaintiff is still owed $62,601.54 principal plus interest at 12 per cent from June 3, 2013.**

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.
BC-6. [ ] Other:

Page __3__

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

CAUSE OF ACTION-Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SALVADOR HERNANDEZ JAIME

PLD-C-001(3)

| SHORT TITLE: | |SE NUMBER: |
|---|---|
| JAIME vs. COLLAZO & CARRILLO | KC066673 |

SECOND _____          **CAUSE OF ACTION-Fraud**
          (number)    **FIRST AMENDED**
ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*:  **SALVADOR HERNANDEZ JAIME**

alleges that defendant *(name)*: **DANIEL DARIO COLLAZO JR and CARLOS R CARRILLO**

on or about *(date)*: **September 18, 2012**    defrauded plaintiff as follows:

FR-2. [X] Intentional or Negligent Misrepresentation
a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
**That they would pay plaintiff the $70,000.00 he was owed if
he did not object or oppose the sale of Super Soccer League.
A copy of the Sales Agreement is attached marked as Exhibit
B.**

b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:
**That they only intended to pay until the sale of Super
Soccer League was completed.**

c. When defendant made the representations,
[X] defendant knew they were false, or
[X] defendant had no reasonable ground for believing the representations were true.
d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item
FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were
true. Plaintiff acted in justifiable reliance upon the truth of the representations.
FR-3. [ ] Concealment
a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [ ] as follows:

b. Defendant concealed or suppressed material facts
[ ] defendant was bound to disclose.
[ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or
suppressed facts.
c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as de-
scribed in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts
and would not have taken the action if plaintiff had known the facts.

Page __4__

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) (Rev. January 1, 2007)
Merle Dean's
ESSENTIAL FORMS™      **CAUSE OF ACTION-Fraud**      Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SALVADOR HERNADEZ JAIME

# *PROMISSORY NOTE*

**$70,000.00**                                          Date: September 18, 2012

For value received, the undersigned Daniel Collazo (the "Borrower"), at 809 South Glendora Ave, West Covina, California 91790, and Carlos Carillo 200 West Holt Ave, Pomona CA 91768 promises to pay to the order of Salvador Jaime (the "Lender"), at 927 North Jasmine Ontario, California 91767 (or at such other place as the Lender may designate in writing), the sum of $70,000.00 at 12% interest annually.

## TERMS OF REPAYMENT

### A. Payments

The unpaid principal shall be payable in weekly installments of $400 of profit made from all monies earned from (what was formerly know as) Super Soccer League in the City of Pomona, CA; beginning on November 5, 2012 and ending on October 17, 2017 (Due Date which entire balance must be paid by) or until total debt is paid off.

If a payment is late for 4 consecutive weeks, a 10% will be added to the balance of the loan. If a check tendered by borrower is returned or declined a charge of $30 shall be added to the balance of the loan, and all future payments shall be accepted only in guaranteed funds (cash, money order, certified check).

## SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## MISCELLANEOUS

If at any point Carlos Carillo is bought out of his contract at the stated amount of $100,000.00 (as per contract agreement between Carlos Carillo and Daniel Collazo), then Salvador Jaime shall be paid in full by Carlos Carillo within 48 hours and this contract between Daniel Collazo and Salvador Jaime is NULL AND VOID.

_____ initials
_____ initials
___S J___ initials

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

M.R. Valle

(page 1 of 2)

**EXHIBIT "A"**

2/

As long as Carlos Carillo and Daniel Collazo maintain the $400 weekly payments to
Salvador Jaime as per this contract agreement, any previous contracts/agreements made
pertaining to this matter between Carlos Carillo and Salvador Jaime will remain invalid
and unenforceable.

_____ initials
_____ initials
_____ initials

Once the full amount of $70,000.00 is paid to Salvador Jaime, he relinquishes all future rights and
monies effective IMMEDIATELY.

All payments of principal and interest on this Note shall be paid in the legal currency of the United
States. The Borrower waives presentment for payment, protest, and notice of protest and
nonpayment of this Note.

**GOVERNING LAW**



This Note shall be construed in accordance with the laws of the State of California.

**IN WITNESS WHEREOF**, this Agreement has been executed and delivered in the manner
prescribed by law as of the date first written above.

Signed this 18th day of September, 2012

Borrower:
Daniel Collazo
By: _____ Daniel Collazo
Daniel Collazo

Borrower:
Carlos Carillo
By: _____ Carlos Carillo
Carlos Carillo

Lender
Salvador Jaime
By _____ Salvador Jaime
Salvador Jaime

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

M.R. Valle

(page 2 of 2)

22

State of California          )          **CALIFORNIA ALL-PURPOSE**

County of  Los Angeles      )          **CERTIFICATE OF ACKNOWLEDGMENT**

On  09 | 18 | 2012  before me,  M. R. Valle, Notary Public
<small>(here insert name and title of the officer)</small>

personally appeared  Carlos R. Carrillo , Salvador Jaime  and

Daniel D. Collazo Jr.

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  M. R. Valle

```
M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014
```

(Seal)

---

**OPTIONAL INFORMATION**

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document

titled/for the purpose of _____

_____

containing _____ pages, and dated _____.

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-Fact
☐ Corporate Officer(s)
    _____
                Title(s)

☐ Guardian/Conservator
☐ Partner – Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
    <small>Name(s) of Person(s) or Entity(ies) Signer is Representing</small>

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
☐ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
    Page # _____    Entry # _____

Notary contact: _____

Other _____
☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
☐

© Copyright 2007 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612  Form ACK01. 10/07.  To re-order, call toll-free 1-877-349-6588 or visit us on the Internet at http://www.notaryrotary.com



# GENERAL CONTRACT FOR 1958 Classic Futbol Club & Super Soccer League merge

This Contract (this "Contract") is made effective as of September 04, 2012, by and between Carlos Carrillo, of 200 West Holt Ave, Pomona, California 91768, (Super Soccer League), and Daniel Collazo, of 809 South Glendora Ave, West Covina, California 91790, (1958 Classic Futbol Club).

**1. ITEMS PURCHASED.** Super Soccer League agrees to sell 60% Ownership/Profit share, and 1958 Classic Futbol Club agrees to buy, the following products (the "Goods") in accordance with the terms and conditions of this Contract:

| Description | Quantity | Unit Price | Total Price |
|---|---|---|---|
| Entire Soccer League including names/info of all teams/players, field locations, inventory, etc. | | | |
| TOTAL | | | 40% Ownership/profit share |

**2. PRODUCT STANDARDS.** The Goods shall comply with the specifications in the attached Exhibit A and incorporated into this Contract by this reference.

**3. PAYMENT.** Payment shall be made to City of Pomona -Community Services Department, P.O. Box 660 Pomona, California 91769.

1958 Classic Futbol Club agrees to pay Super Soccer League as follows:

40% of profit {minimum of $400 per week from monies earned from Super Soccer League merge including all ages/divisions) 1958 CFC will also payoff Super Soccer Leagues debt owed to city of Pomona [half (approx 12-15K) by September 19, 2012 and weekly payments of $3000 will be made until the remaining balance of total debt owed is completely eliminated as well as the approx $5K dollars in prize money to be paid at end of current seasons ending this first week of September 2012 (approx 30K total)]
Carlos Carrillo agrees to dedicate any necessary hours of work throughout the week in order to maintain his 40% profit share until the end of the calendar year (December 31, 2012).
As of January 1, 2013, 1958 CFC agrees to pay Carlos Carrillo an hourly wage of $10 per hour for every hour of work as needed.

This contract will be considered PAID IN FULL and Carlos Carrillo will give up his 40% Ownership/profit share back to 1958 Classic Futbol Club after a total of 13 years (676 weeks) of being paid 40% profit every week. (approx total payoff value: $270,400.00)
Final payment will be made September of 2025.



Notes: Daniel Collazo omitted by Carlos Carrillo

© This is a          Legal Document ©

**EXHIBIT B**

25



If at ANY point 1958 CFC gives a lump sum of $100,000.00 to Carlos Carrillo, Carlos Carrillo will forfeit all future payments of any kind and will give up his 40% ownership/share in profits, leaving 1958 CFC the sole owners at 100%
Carlos Carrillo can buy back the 60% from 1958 CFC at any time with a lump sum of $150,000.00
and 1958 CFC will give up any/all ownership/profit share.
Beneficiary of this contract for the first 5 years on behave of Carlos Carrillo will be:
Salvador Jaime. The remaining 8 years of beneficiary eligibility will go to: Olga Carrillo

Sandra Gutierrez of Super Soccer League will become an employee of 1958 Classic Futbol Club (at an hourly rate of $10 per hour) effective immediately and guaranteed employment (as long as she maintains employee requirements/duties) for at least until the end of the calendar year (December 31, 2012) at which point accounting will be done and all parties involved will reach a mutual agreement as to if and when employment will terminate.

On January 1, 2013, Carlos Carrillo and 1958 CFC will go over all monies, accounting, profits, costs, debts, etc to determine exactly how much Carlos Carrillo will be getting paid weekly (40% ownership/profit) for the following 3 months.
Every 3 months (quarterly) thereafter, the same accounting will take place, and Carlos Carrillo's weekly pay will be determined for the following 3 months. And so on and so forth.
Every year; quarterly accounting meetings/reports (to be performed by a Public Accountant 4 times a year) will take place and determine Carlos Carrillo's weekly pay during the first week of following months:
-January
-April
-July
-October

In addition to any other right or remedy provided by law, if 1958 Classic Futbol Club fails to pay for the Goods when due, Super Soccer League has the option to treat such failure to pay as a material breach of this Contract, and may cancel this Contract and/or seek legal remedies.

Carlos Carrillo is only eligible to receive any payments if: 62 of the 87 (approx 75%) of the teams currently registered (as of 9/4/2012) remain a part of the league for at least 1 more season. If league/division is currently not over yet, 75% of those teams must register for, pay, and play at least one more season in the league. - All the field and office equipment currently being used (goals, flags, cones, paint, computers, monitors, desks, chairs, files, drawers, paperwork, etc.) are transferred over to 1958 CFC as well. - Carlos Carrillo can NOT take part in any other Soccer League (male, female, youth, etc) in the state of California for 2 years. - If after 2 years pass and Carlos Carrillo does decide to start/join any other soccer league and any teams from 1958 CFC Soccer League leave to join that league which Carlos Carrillo is a part of, he will forfeit any/all future payments/profits forever.

4. DELIVERY. Time is of the essence in the performance of this Contract. As soon as contract is signed, Carlos Carrillo will immediately hand over Super Soccer League to 1958 Classic Futbol Club and the 2 parties will determine a date/time to meet up to take over all tangible goods



associated with Super Soccer League (keys, supplies, equipment, team/player info, etc).

The complete turnover of goods (intangible and tangible) must all be delivered to 1958 CFC within 2 days after contract is signed.

**5. PAYMENT OF TAXES.** 1958 Classic Futbol Club agrees to pay all taxes of every description, federal, state, and municipal, that arise as a result of this sale, excluding income taxes.

**6. WARRANTIES.** Super Soccer League warrants to 1958 Classic Futbol Club that the Goods will conform substantially to the applicable drawings or design standards. All team/player/league information from Super Soccer League are to be sole property of 1958 Classic Futbol Club.

SUPER SOCCER LEAGUE SHALL IN NO EVENT BE LIABLE FOR ANY INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES OF ANY NATURE, EVEN IF SUPER SOCCER LEAGUE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**7. INSPECTION.** 1958 Classic Futbol Club, upon receiving possession of the Goods, shall have a reasonable opportunity to inspect the Goods to determine if the Goods conform to the requirements of this Contract. If 1958 Classic Futbol Club, in good faith, determines that all or a portion of the Goods are non-conforming, 1958 Classic Futbol Club may return the Goods to Super Soccer League at 1958 Classic Futbol Club's expense. 1958 Classic Futbol Club must provide written notice to Super Soccer League of the reason for rejecting the Goods. Super Soccer League will have 2 days from the return of the Goods to remedy such defects under the terms of this Contract.

**8. OWNERSHIP OF SOCIAL MEDIA CONTACTS.** Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, Youtube, or other social media networks) used or created on behalf of Daniel Collazo are the property of 1958 Classic Futbol Club.

**9. DEFAULT.** The occurrence of any of the following shall constitute a material default under this Contract:

   a. The failure to make a required payment when due.

   b. The insolvency or bankruptcy of either party.

   c. The subjection of any of either party's property to any levy, seizure, general assignment for the benefit of creditors, application or sale for or by any creditor or government agency.

   d. The failure to make available or deliver the Goods in the time and manner provided for in this Contract.

**10. REMEDIES ON DEFAULT.** In addition to any and all other rights a party may have available according to law, if a party defaults by failing to substantially perform any provision, term or condition of this Contract (including without limitation the failure to make a monetary payment

27



when due), the other party may terminate the Contract by providing written notice to the defaulting party. This notice shall describe with sufficient detail the nature of the default. The party receiving such notice shall have 30 days from the effective date of such notice to cure the default(s). Unless waived by a party providing notice, the failure to cure the default(s) within such time period shall result in the automatic termination of this Contract.

**11. ARBITRATION.** Any controversies or disputes arising out of or relating to this Contract shall be resolved by binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association. The parties shall select a mutually acceptable arbitrator knowledgeable about issues relating to the subject matter of this Contract. In the event the parties are unable to agree to such a selection, each party will select an arbitrator and the two arbitrators in turn shall select a third arbitrator, all three of whom shall preside jointly over the matter. The arbitration shall take place at a location that is reasonably centrally located between the parties, or otherwise mutually agreed upon by the parties. All documents, materials, and information in the possession of each party that are in any way relevant to the dispute shall be made available to the other party for review and copying no later than 30 days after the notice of arbitration is served. The arbitrator(s) shall not have the authority to modify any provision of this Contract or to award punitive damages. The arbitrator(s) shall have the power to issue mandatory orders and restraint orders in connection with the arbitration. The decision rendered by the arbitrator(s) shall be final and binding on the parties, and judgment may be entered in conformity with the decision in any court having jurisdiction. The agreement to arbitration shall be specifically enforceable under the prevailing arbitration law. During the continuance of any arbitration proceeding, the parties shall continue to perform their respective obligations under this Contract.

**12. CONFIDENTIALITY.** Upon termination of this Contract, Super Soccer League will return to 1958 Classic Futbol Club all records, notes, documentation and other items that were used, created, or controlled by Super Soccer League during the term of this Contract.

Both parties acknowledge that during the course of this Contract, each may obtain confidential information regarding the other party's business. Both parties agree to treat all such information and the terms of this Contract as confidential and to take all reasonable precautions against disclosure of such information to unauthorized third parties during and after the term of this Contract. Upon request by an owner, all documents relating to the confidential information will be returned to such owner.

**13. NOTICE.** Any notice or communication required or permitted under this Contract shall be sufficiently given if delivered in person or by certified mail, return receipt requested, to the addresses listed above or to such other address as one party may have furnished to the other in writing. The notice shall be deemed received when delivered or signed for, or on the third day after mailing if not signed for.

**14. ASSIGNMENT.** Neither party may assign or transfer this Contract without prior written consent of the other party, which consent shall not be unreasonably withheld.

**15. ENTIRE CONTRACT.** This Contract contains the entire agreement of the parties regarding the subject matter of this Contract, and there are no other promises or conditions in any other

 



agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**16. AMENDMENT.** This Contract may be modified or amended if the amendment is made in writing and signed by both parties.

**17. SEVERABILITY.** If any provision of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**19. APPLICABLE LAW.** This Contract shall be governed by the laws of the State of California.

Buyer:
Daniel Collazo

By: _____ *Daniel Collazo 09/04/12*
   Daniel Dario Collazo
   President

Seller:
Carlos Castillo

By: _____ *Carlos Carillo 9-4-12*
   Carlos Carillo
   President

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GREG C. OJEDA 80484<br>Attorney at Law<br>1407 Foothill Blvd., Suite 107<br>La Verne, California 91750<br>TELEPHONE NO.: 909-374-9392   FAX NO.*(Optional):*<br>E-MAIL ADDRESS *(Optional):* gregojedaesq@verizon.net<br>ATTORNEY FOR *(Name):* SALVADOR JAIME | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**FEB 20 2015**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>G. Berni |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES |
|---|
| STREET ADDRESS: **400 Civic Center Plaza** |
| MAILING ADDRESS: **Same** |
| CITY AND ZIP CODE: **Pomona, California 91766** |
| BRANCH NAME: **EAST DISTRICT** |

| PLAINTIFF/PETITIONER: SALVADOR JAIME | |
|---|---|
| DEFENDANT/RESPONDENT: DANIEL DARIO COLLAZO, JR.<br>CARLOS R. CARRILLO | |

| REQUEST FOR      ☐ Entry of Default       ☐ Clerk's Judgment<br>(Application)      ☒ Court Judgment | CASE NUMBER:<br>KC066673 |
|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* **September 16, 2014**
   b. by *(name):* **SALVADOR JAIME**
   c. ☐ Enter default of defendant *(names):*

   d. ☒ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*
   **DANIEL COLLAZO aka DANIEL DARIO COLLAZO, JR.; CARLOS CARRILLO aka CARLOS R. CARRILLO**
   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*

   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint..................... | $ 62,602.00 | $ | $ 62,602.00 |
| b. Statement of damages * | | | |
| (1) Special | $ | $ | $ 0.00 |
| (2) General | $ | $ | $ 0.00 |
| c. Interest | $ 12,520.40 | $ | $ 12,520.40 |
| d. Costs *(see reverse)* ...................... | $ 0.00 | $ | $ 0.00 |
| e. Attorney fees ................................ | $ | $ | $ 0.00 |
| f. TOTALS ....................................... | $ 75,122.40 | $ 0.00 | $ 75,122.40 |

   g. Daily damages were demanded in complaint at the rate of: $                   per day beginning *(date):*
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)* 12% per year from June 3, 2013.

3. ☐ *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: February *19*, 2015
GREG C. OJEDA
_____     ▶ _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☐ Default entered as requested on *(date):*<br>(2) ☐ Default NOT entered as requested *(state reason):*<br><br>Clerk, by _____, Deputy |
|---|---|

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**ESSENTIAL FORMS™**

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

 ORIGINAL

1 | GREG C. OJEDA   STATE BAR# 80484
Attorney at Law
2 | 1407 Foothill Blvd., Suite 107
La Verne, California 91750
3 | (909) 374-9392

**FILED**
Superior Court of California
County of Los Angeles

**FEB 20 2015**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
G. Berni

5 | Attorney for Plaintiff
SALVADOR JAIME

6

7

8 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |               COUNTY OF LOS ANGELES, EAST DISTRICT

10

11 | SALVADOR JAIME,                    )    Case No. KC 066673
                                       )
12 |               Plaintiff,          )    DECLARATION OF SALVADOR
                                       )    JAIME IN SUPPORT OF
13 |        vs.                        )    APPLICATION FOR DEFAULT
                                       )    JUDGMENT BY COURT PURSUANT
14 | DANIEL DARIO COLLAZO JR., CARLOS   )    TO CCP §585(d)
R. CARRILLO and DOES 1 to 40,          )
15 |                                   )
              Defendants.    )
16

17 |      I, SALVADOR JAIME, hereby declare that I am the plaintiff in this

18 | action, and if called as a witness, could and would competently testify

19 | to the matters set forth hereafter which are true and correct based

20 | upon my personal knowledge :

21 |      1.   On September 18, 2012, the defendants and I signed a

22 | promissory note in which they promised to pay me $70,000.00 at 12%

23 | interest annually, at the rate of $400 per week commencing November 5,

24 | 2012 until paid in full. The original of the note has already been

25 | filed with the court, and a copy is attached marked as Exhibit "A".

26 |      2.   That the note was given to me by the defendants so that I

27 | would not object to defendant, Carlos Carrillo, who owed me $70,000,

28

-1-

1  selling his interest in his Super Soccer League to defendant, Daniel

2  Collazo's Classic Soccer Club. A copy of the sales agreement is

3  attached marked as Exhibit "B".

4      3.   That defendant Collazo, who purchased Super Soccer League

5  from defendant Carrillo, was making the payments on the note until June

6  3, 2013, when he stopped paying. When I contacted him about the

7  payment, he told me "I'm not going to pay you anymore. Sue me.". When

8  I contacted defendant Carrillo, he also told me that he wasn't going to

9  pay either. A copy of a spread sheet printout of the amount the note

10  was paid down is attached marked as Exhibit "C" showing that as of June

11  3, 2013 the principal amount owed was $62,601.54.

12     4.   That I rounded off the principal amount owed to $62,602.00,

13  and calculated interest at that amount from July 3, 2013 to February 3,

14  2015 which comes to $12,520.40 interest at 12% for a total of

15  $75,122.40 principal and interest. A copy of the interest calculation

16  is attached marked as Exhibit "D".

17     5.   That at the time I confronted each of the defendants about

18  payment of the note, neither of them claimed that the soccer league was

19  not making any money or business was slow, They both refused to pay at

20  the same time, and it's clear that they never really intended to pay me

21  back the $70,000.00.

22     6.   That I request a court judgment in the amount of $62,602.00

23  principal plus $12,520.40 interest for a total of $75,122.40.

24     I declare under penalty of perjury under the laws of the State of

25  California that the forgoing is true and correct, and that this

26  declaration was executed on February 20, 2015.

27          _Salvador Jaime_
          SALVADOR JAIME, Declarant

28

-2-

 

# PROMISSORY NOTE

**$70,000.00**                                      Date: September 18, 2012

For value received, the undersigned Daniel Collazo (the "Borrower"), at 809 South Glendora Ave,
West Covina, California 91790, and Carlos Carillo 200 West Holt Ave, Pomona CA 91768
promises to pay to the order of Salvador Jaime (the "Lender"), at 927 North Jasmine Ontario,
California 91767 (or at such other place as the Lender may designate in writing), the sum of
$70,000.00 at 12% interest annually.

## TERMS OF REPAYMENT

### A. Payments

The unpaid principal shall be payable in weekly installments of $400 of profit made from all
monies earned from (what was formerly know as) Super Soccer League in the City of Pomona,
CA; beginning on November 5, 2012 and ending on October 17, 2017 (Due Date which entire
balance must be paid by) or until total debt is paid off.

If a payment is late for 4 consecutive weeks, a 10% will be added to the balance of the loan.
If a check tendered by borrower is returned or declined a charge of $30 shall be added to the
balance of the loan, and all future payments shall be accepted only in guaranteed funds (cash,
money order, certified check).

## SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or
in part, for any reason, the remaining provisions shall remain fully operative.

## MISCELLANEOUS

If at any point Carlos Carillo is bought out of his contract at the stated amount of
$100,000.00 (as per contract agreement between Carlos Carillo and Daniel Collazo), then
Salvador Jaime shall be paid in full by Carlos Carillo within 48 hours and this contract
between Daniel Collazo and Salvador Jaime is NULL AND VOID.

_____ initials
_____ initials
_____ initials

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

(page 1 of 2)

MR. Valle

Exhibit "A"

2/1



As long as Carlos Carillo and Daniel Collazo maintain the $400 weekly payments to
Salvador Jaime as per this contract agreement, any previous contracts/agreements made
pertaining to this matter between Carlos Carillo and Salvador Jaime will remain invalid
and unenforceable.

_____ initials
_____ initials
_____ initials

Once the full amount of $70,000.00 is paid to Salvador Jaime, he relinquishes all future rights and
monies effective IMMEDIATELY.

All payments of principal and interest on this Note shall be paid in the legal currency of the United
States. The Borrower waives presentment for payment, protest, and notice of protest and
nonpayment of this Note.

**GOVERNING LAW**

This Note shall be construed in accordance with the laws of the State of California.

**IN WITNESS WHEREOF**, this Agreement has been executed and delivered in the manner
prescribed by law as of the date first written above.

Signed this 18th day of September, 2012

Borrower:
Daniel Collazo
By:_____ Daniel Collazo
Daniel Collazo

Borrower:
Carlos Carillo
By:_____ Carlos Carillo
Carlos Carillo

Lender
Salvador Jaime
By_____ Salvador Jaime
Salvador Jaime

M. R. VALLE
COMM. #1914032
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 21, 2014

M.R. Valle

(page 2 of 2)

22

 

# GENERAL CONTRACT FOR 1958 Classic Futbol Club & Super Soccer League merge

This Contract (this "Contract") is made effective as of September 04, 2012, by and between Carlos Carrillo, of 200 West Holt Ave, Pomona, California 91768, (Super Soccer League), and Daniel Collazo, of 809 South Glendora Ave, West Covina, California 91790, (1958 Classic Futbol Club).

**1. ITEMS PURCHASED.** Super Soccer League agrees to sell 60% Ownership/Profit share, and 1958 Classic Futbol Club agrees to buy, the following products (the "Goods") in accordance with the terms and conditions of this Contract:

| *Description* | *Quantity* | *Unit Price* | *Total Price* |
|---|---|---|---|
| Entire Soccer League including names/info of all teams/players, field locations, inventory, etc. | | | |
| TOTAL | | | 40% Ownership/profit share |

**2. PRODUCT STANDARDS.** The Goods shall comply with the specifications in the attached Exhibit A and incorporated into this Contract by this reference.

**3. PAYMENT.** Payment shall be made to City of Pomona -Community Services Department, P.O. Box 660 Pomona, California 91769.

1958 Classic Futbol Club agrees to pay Super Soccer League as follows:

40% of profit (minimum of $400 per week from monies earned from Super Soccer League merge including all ages/divisions) 1958 CFC will also payoff Super Soccer Leagues debt owed to city of Pomona [half (approx 12-15K) by September 19, 2012 and weekly payments of $3000 will be made until the remaining balance of total debt owed is completely eliminated as well as the approx $5K dollars in prize money to be paid at end of current seasons ending this first week of September 2012 (approx 30K total)]
Carlos Carrillo agrees to dedicate any necessary hours of work throughout the week in order to maintain his 40% profit share until the end of the calendar year (December 31, 2012).
As of January 1, 2013, 1958 CFC agrees to pay Carlos Carrillo an hourly wage of $10 per hour for every hour of work as needed.

This contract will be considered PAID IN FULL and Carlos Carrillo will give up his 40% Ownership/profit share back to 1958 Classic Futbol Club after a total of 13 years (676 weeks) of being paid 40% profit every week. (approx total payoff value: $270,400.00)
Final payment will be made September of 2025.

© This is a          Legal Document ©

25

Exhibit "B"

*(handwritten left margin, rotated): Note: Daniel Collazo to Carlos Carrillo earned by Carlos Carrillo*

 

If at ANY point 1958 CFC gives a lump sum of $100,000.00 to Carlos Carrillo, Carlos Carrillo will forfeit all future payments of any kind and will give up his 40% ownership/share in profits, leaving 1958 CFC the sole owners at 100%

Carlos Carrillo can buy back the 60% from 1958 CFC at any time with a lump sum of $150,000.00

and 1958 CFC will give up any/all ownership/profit share.

Beneficiary of this contract for the first 5 years on behave of Carlos Carrillo will be: Salvador Jaime. The remaining 8 years of beneficiary eligibility will go to: Olga Carrillo

Sandra Gutierrez of Super Soccer League will become an employee of 1958 Classic Futbol Club (at an hourly rate of $10 per hour) effective immediately and guaranteed employment (as long as she maintains employee requirements/duties) for at least until the end of the calendar year (December 31, 2012) at which point accounting will be done and all parties involved will reach a mutual agreement as to if and when employment will terminate.

On January 1, 2013, Carlos Carrillo and 1958 CFC will go over all monies, accounting, profits, costs, debts, etc to determine exactly how much Carlos Carrillo will be getting paid weekly (40% ownership/profit) for the following 3 months.

Every 3 months (quarterly) thereafter, the same accounting will take place, and Carlos Carrillo's weekly pay will be determined for the following 3 months. And so on and so forth.

Every year; quarterly accounting meetings/reports (to be performed by a Public Accountant 4 times a year) will take place and determine Carlos Carrillo's weekly pay during the first week of following months:

-January

-April

-July

-October

In addition to any other right or remedy provided by law, if 1958 Classic Futbol Club fails to pay for the Goods when due, Super Soccer League has the option to treat such failure to pay as a material breach of this Contract, and may cancel this Contract and/or seek legal remedies.

Carlos Carrillo is only eligible to receive any payments if: 62 of the 87 (approx 75%) of the teams currently registered (as of 9/4/2012) remain a part of the league for at least 1 more season. If league/division is currently not over yet, 75% of those teams must register for, pay, and play at least one more season in the league. - All the field and office equipment currently being used (goals, flags, cones, paint, computers, monitors, desks, chairs, files, drawers, paperwork, etc.) are transferred over to 1958 CFC as well. - Carlos Carrillo can NOT take part in any other Soccer League (male, female, youth, etc) in the state of California for 2 years. - If after 2 years pass and Carlos Carrillo does decide to start/join any other soccer league and any teams from 1958 CFC Soccer League leave to join that league which Carlos Carrillo is a part of, he will forfeit any/all future payments/profits forever.

4. DELIVERY. Time is of the essence in the performance of this Contract. As soon as contract is signed, Carlos Carrillo will immediately hand over Super Soccer League to 1958 Classic Futbol Club and the 2 parties will determine a date/time to meet up to take over all tangible goods

26

 

associated with Super Soccer League (keys, supplies, equipment, team/player info, etc).

The complete turnover of goods (intangible and tangible) must all be delivered to 1958 CFC within 2 days after contract is signed.

**5. PAYMENT OF TAXES.** 1958 Classic Futbol Club agrees to pay all taxes of every description, federal, state, and municipal, that arise as a result of this sale, excluding income taxes.

**6. WARRANTIES.** Super Soccer League warrants to 1958 Classic Futbol Club that the Goods will conform substantially to the applicable drawings or design standards. All team/player/league information from Super Soccer League are to be sole property of 1958 Classic Futbol Club.

SUPER SOCCER LEAGUE SHALL IN NO EVENT BE LIABLE FOR ANY INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES OF ANY NATURE, EVEN IF SUPER SOCCER LEAGUE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**7. INSPECTION.** 1958 Classic Futbol Club, upon receiving possession of the Goods, shall have a reasonable opportunity to inspect the Goods to determine if the Goods conform to the requirements of this Contract. If 1958 Classic Futbol Club, in good faith, determines that all or a portion of the Goods are non-conforming, 1958 Classic Futbol Club may return the Goods to Super Soccer League at 1958 Classic Futbol Club's expense. 1958 Classic Futbol Club must provide written notice to Super Soccer League of the reason for rejecting the Goods. Super Soccer League will have 2 days from the return of the Goods to remedy such defects under the terms of this Contract.

**8. OWNERSHIP OF SOCIAL MEDIA CONTACTS.** Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, Youtube, or other social media networks) used or created on behalf of Daniel Collazo are the property of 1958 Classic Futbol Club.

**9. DEFAULT.** The occurrence of any of the following shall constitute a material default under this Contract:

    a. The failure to make a required payment when due.

    b. The insolvency or bankruptcy of either party.

    c. The subjection of any of either party's property to any levy, seizure, general assignment for the benefit of creditors, application or sale for or by any creditor or government agency.

    d. The failure to make available or deliver the Goods in the time and manner provided for in this Contract.

**10. REMEDIES ON DEFAULT.** In addition to any and all other rights a party may have available according to law, if a party defaults by failing to substantially perform any provision, term or condition of this Contract (including without limitation the failure to make a monetary payment

27

 

when due), the other party may terminate the Contract by providing written notice to the defaulting party. This notice shall describe with sufficient detail the nature of the default. The party receiving such notice shall have 30 days from the effective date of such notice to cure the default(s). Unless waived by a party providing notice, the failure to cure the default(s) within such time period shall result in the automatic termination of this Contract.

**11. ARBITRATION.** Any controversies or disputes arising out of or relating to this Contract shall be resolved by binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association. The parties shall select a mutually acceptable arbitrator knowledgeable about issues relating to the subject matter of this Contract. In the event the parties are unable to agree to such a selection, each party will select an arbitrator and the two arbitrators in turn shall select a third arbitrator, all three of whom shall preside jointly over the matter. The arbitration shall take place at a location that is reasonably centrally located between the parties, or otherwise mutually agreed upon by the parties. All documents, materials, and information in the possession of each party that are in any way relevant to the dispute shall be made available to the other party for review and copying no later than 30 days after the notice of arbitration is served. The arbitrator(s) shall not have the authority to modify any provision of this Contract or to award punitive damages. The arbitrator(s) shall have the power to issue mandatory orders and restraint orders in connection with the arbitration. The decision rendered by the arbitrator(s) shall be final and binding on the parties, and judgment may be entered in conformity with the decision in any court having jurisdiction. The agreement to arbitration shall be specifically enforceable under the prevailing arbitration law. During the continuance of any arbitration proceeding, the parties shall continue to perform their respective obligations under this Contract.

**12. CONFIDENTIALITY.** Upon termination of this Contract, Super Soccer League will return to 1958 Classic Futbol Club all records, notes, documentation and other items that were used, created, or controlled by Super Soccer League during the term of this Contract.

Both parties acknowledge that during the course of this Contract, each may obtain confidential information regarding the other party's business. Both parties agree to treat all such information and the terms of this Contract as confidential and to take all reasonable precautions against disclosure of such information to unauthorized third parties during and after the term of this Contract. Upon request by an owner, all documents relating to the confidential information will be returned to such owner.

**13. NOTICE.** Any notice or communication required or permitted under this Contract shall be sufficiently given if delivered in person or by certified mail, return receipt requested, to the addresses listed above or to such other address as one party may have furnished to the other in writing. The notice shall be deemed received when delivered or signed for, or on the third day after mailing if not signed for.

**14. ASSIGNMENT.** Neither party may assign or transfer this Contract without prior written consent of the other party, which consent shall not be unreasonably withheld.

**15. ENTIRE CONTRACT.** This Contract contains the entire agreement of the parties regarding the subject matter of this Contract, and there are no other promises or conditions in any other

 © This is a     Legal Document ©

28



agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**16. AMENDMENT.** This Contract may be modified or amended if the amendment is made in writing and signed by both parties.

**17. SEVERABILITY.** If any provision of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**19. APPLICABLE LAW.** This Contract shall be governed by the laws of the State of California.

Buyer:
Daniel Collazo

By: _Daniel Collazo 09/04/12_
    Daniel Dario Collazo
    President

Seller:
Carlos Castillo

By: _Carlos Carillo 9-4-12_
    Carlos Carillo
    President

 

agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**16. AMENDMENT.** This Contract may be modified or amended if the amendment is made in writing and signed by both parties.

**17. SEVERABILITY.** If any provision of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**19. APPLICABLE LAW.** This Contract shall be governed by the laws of the State of California.

Buyer:
Daniel Collazo

By: _____ Daniel Collazo 09/04/12
Daniel Dario Collazo
President

Seller:
Carlos Castillo

By: _____ Carlos Carillo 9-4-12.
Carlos Carillo
President

◊ This is a          Legal Document ◊

Salvador Jaime $70,000.00 Note Owed at 12% Interest

| Date Due | Amount Due | Amount Paid | Applied To Principal | Applied To Interest | Accruing Principal Due | Periodic Interest | Total Intrst Due | Total Due | Annual Intrst Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 70,000.00 | | | | |
| 11/05/12 | 0.00 | 400.00 | 238.46 | 161.54 | 69,761.54 | 161.54 | 0.00 | 69,761.54 | 0.12 |
| 11/12/12 | 0.00 | 400.00 | 239.01 | 160.99 | 69,522.53 | 160.99 | 0.00 | 69,522.53 | 0.12 |
| 11/19/12 | 0.00 | 400.00 | 239.56 | 160.44 | 69,282.96 | 160.44 | 0.00 | 69,282.96 | 0.12 |
| 11/26/12 | 0.00 | 400.00 | 240.12 | 159.88 | 69,042.85 | 159.88 | 0.00 | 69,042.85 | 0.12 |
| 12/10/12 | 0.00 | 400.00 | 240.67 | 159.33 | 68,802.18 | 159.33 | 0.00 | 68,802.18 | 0.12 |
| 12/17/12 | 0.00 | 400.00 | 241.23 | 158.77 | 68560.95 | 158.77 | 0.00 | 68,560.95 | 0.12 |
| 12/24/12 | 0.00 | 400.00 | 241.78 | 158.22 | 68,319.17 | 158.22 | 0.00 | 68,319.17 | 0.12 |
| 12/31/12 | 0.00 | 400.00 | 242.34 | 157.66 | 68,076.83 | 157.66 | 0.00 | 68,076.83 | 0.12 |
| 01/07/13 | 0.00 | 400.00 | 242.90 | 157.10 | 67,833.93 | 157.10 | 0.00 | 67,833.93 | 0.12 |
| 01/14/13 | 0.00 | 400.00 | 243.46 | 156.54 | 67,590.47 | 156.54 | 0.00 | 67,590.47 | 0.12 |
| 01/21/13 | 0.00 | 400.00 | 244.02 | 155.98 | 67,346.45 | 155.98 | 0.00 | 67,346.45 | 0.12 |
| 01/28/13 | 0.00 | 400.00 | 244.59 | 155.41 | 67,101.86 | 155.41 | 0.00 | 67,101.86 | 0.12 |
| 02/04/13 | 0.00 | 400.00 | 245.15 | 154.85 | 66,856.71 | 154.85 | 0.00 | 66,856.71 | 0.12 |
| 02/11/13 | 0.00 | 400.00 | 245.72 | 154.28 | 66,611.00 | 154.28 | 0.00 | 66,611.00 | 0.12 |
| 02/18/13 | 0.00 | 400.00 | 246.28 | 153.72 | 66,364.71 | 153.72 | 0.00 | 66,364.71 | 0.12 |
| 02/25/13 | 0.00 | 400.00 | 246.85 | 153.15 | 66,117.86 | 153.15 | 0.00 | 66,117.86 | 0.12 |
| 03/04/13 | 0.00 | 400.00 | 247.42 | 152.58 | 65,870.44 | 152.58 | 0.00 | 65,870.44 | 0.12 |
| 03/11/13 | 0.00 | 400.00 | 247.99 | 152.01 | 65,622.45 | 152.01 | 0.00 | 65,622.45 | 0.12 |
| 03/18/13 | 0.00 | 400.00 | 248.56 | 151.44 | 65,373.89 | 151.44 | 0.00 | 65,373.89 | 0.12 |
| 03/25/13 | 0.00 | 400.00 | 249.14 | 150.86 | 65,124.75 | 150.86 | 0.00 | 65,124.75 | 0.12 |
| 04/01/13 | 0.00 | 400.00 | 249.71 | 150.29 | 64,875.04 | 150.29 | 0.00 | 64,875.04 | 0.12 |
| 04/08/13 | 0.00 | 400.00 | 250.29 | 149.71 | 64,624.75 | 149.71 | 0.00 | 64,624.75 | 0.12 |
| 04/15/13 | 0.00 | 400.00 | 250.87 | 149.13 | 64,373.88 | 149.13 | 0.00 | 64,373.88 | 0.12 |
| 04/22/13 | 0.00 | 400.00 | 251.44 | 148.56 | 64,122.44 | 148.56 | 0.00 | 64,122.44 | 0.12 |
| 04/29/13 | 0.00 | 400.00 | 252.03 | 147.97 | 63,870.41 | 147.97 | 0.00 | 63,870.41 | 0.12 |
| 05/06/13 | 0.00 | 400.00 | 252.61 | 147.39 | 63,617.81 | 147.39 | 0.00 | 63,617.81 | 0.12 |
| 05/13/13 | 0.00 | 400.00 | 253.19 | 146.81 | 63,364.62 | 146.81 | 0.00 | 63,364.62 | 0.12 |
| 05/20/13 | 0.00 | 400.00 | 253.77 | 146.23 | 63,110.84 | 146.23 | 0.00 | 63,110.84 | 0.12 |
| 05/27/13 | 0.00 | 400.00 | 254.36 | 145.64 | 62,856.48 | 145.64 | 0.00 | 62,856.48 | 0.12 |
| 06/03/13 | 0.00 | 400.00 | 254.95 | 145.05 | 62,601.54 | 145.05 | 0.00 | 62,601.54 | 0.12 |

Exhibit "C"

### Salvador Jaime Amount Owed

**LOS ANGELES COUNTY SUPERIOR COURT CASE NO. KC066673**

**Principal owed as of June 3, 2013: $62,602.00**

| Date Due | Amount Due | Amount Paid | Applied To Principal | Applied To Interest | Accruing Principal Due | Periodic Interest | Total Intrst Due | Total Due | Annual Intrst Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 62,602.00 | | | | |
| 07/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 626.02 | 63,228.02 | 0.12 |
| 08/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 1,252.04 | 63,854.04 | 0.12 |
| 09/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 1,878.06 | 64,480.06 | 0.12 |
| 10/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 2,504.08 | 65,106.08 | 0.12 |
| 11/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 3,130.10 | 65,732.10 | 0.12 |
| 12/03/13 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 3,756.12 | 66,358.12 | 0.12 |
| 01/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 4,382.14 | 66,984.14 | 0.12 |
| 02/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 5,008.16 | 67,610.16 | 0.12 |
| 03/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 5,634.18 | 68,236.18 | 0.12 |
| 04/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 6,260.20 | 68,862.20 | 0.12 |
| 05/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 6,886.22 | 69,488.22 | 0.12 |
| 06/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 7,512.24 | 70,114.24 | 0.12 |
| 07/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 8,138.26 | 70,740.26 | 0.12 |
| 08/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 8,764.28 | 71,366.28 | 0.12 |
| 09/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 9,390.30 | 71,992.30 | 0.12 |
| 10/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 10,016.32 | 72,618.32 | 0.12 |
| 11/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 10,642.34 | 73,244.34 | 0.12 |
| 12/03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 11,268.36 | 73,870.36 | 0.12 |
| 01/03/15 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 11,894.38 | 74,496.38 | 0.12 |
| 02/03/15 | 0.00 | 0.00 | 0.00 | 0.00 | 62,602.00 | 626.02 | 12,520.40 | 75,122.40 | 0.12 |

Exhibit "D"

**<u>EXHIBIT C</u>**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|

**COURTHOUSE ADDRESS:**
400 CIVIC CENTER PLAZA, POMONA, CA. 91766
**PLAINTIFF/PETITIONER:**
SALVADOR JAIME
**DEFENDANT/RESPONDENT:**
DANIEL DARIO COLLAZA

| BENCH WARRANT (CIVIL)<br>(CODE CIV. PROC., § 491.160 or § 708.170) | CASE NUMBER:<br>KC066673 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER OF THIS STATE:

The Court orders you to arrest  DANIEL DARIO COLLAZO, JR.  and bring him/her before this court
(Name of Person)
or to the nearest court in session to answer for his/her failure to appear on  NOVEMBER 5, 2015
(Date)

Reason for arrest:

☒　Failure of judgment debtor to appear for examination hearing, the court having found that the debtor was
　　properly served with an order for appearance on  9/22/15  . (Code Civ. Proc., §708.170)

☐　Failure of a third person indebted to, or possessing or controlling property of the debtor to appear for
　　examination, the court having found that the person was properly served with an order for appearance on
　　_____ . (Code Civ. Proc., § 708.170)

☐　Failure of a person to appear for examination hearing regarding a pre-judgment writ of attachment, the court
　　having found that the person was properly served with an order to appear on _____ .
　　(Code Civ. Proc., § 491.160)

☐　Other _____

Bail is fixed at $  10,000.00

Department issuing order  EA J

Date Bench Warrant is ordered and issued  9/22/15

Judicial Officer
**DAN T. OKI**

**SHERRI R. CARTER**, Executive Officer/Clerk

By _____
**G BERNI** Deputy Clerk

Date Bench Warrant is released _____　　Received by _____

IDENTIFICATION INFORMATION PROVIDED BY (NAME)  GREG C. OJEDA
☐ Creditor　☐ Peace Officer/Sheriff　☒ Attorney/Attorney Service　☐ Other:

| Sex<br>Male | Race<br>Hispanic | Age<br>32 | Date of Birth<br>12/10/83 | Height<br>6'0 | Weight<br>185 | Hair<br>blk | Eyes<br>brn |
|---|---|---|---|---|---|---|---|
| Distinguishing Characteristics | | | AKA | | | Social Security Number | |
| Vehicle Description | | | Vehicle License Number | | | Driver's License Number<br>B9094923 | |
| Home Address | | | | | | CII Number | |
| Work Address | | | | | | FBI Number | |

Original=Serving Officer; Copy = Case File

**BENCH WARRANT (CIVIL)**
(CODE CIV. PROC., § 491.160 or § 708.170)

Code Civ. Proc., §§ 491.160 or 708.17

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
| --- | --- |

| PLAINTIFFS<br><br>Salvador Hernandez Jaime | DEFENDANTS<br>Daniel Dario Collazo, Jr.<br>aka Daniel D Collazo, Jr. |
| --- | --- |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)<br>Luis G Torres<br>Law Offices of Luis G Torres<br>1712 W Beverly Blvd Ste 202<br>Montebello, CA 90640          Telephone: 323-887-1150 |
| --- | --- |

| PARTY (Check One Box Only)<br>▢ Debtor          ▢ U.S. Trustee/Bankruptcy Admin<br>■ Creditor        ▢ Other<br>▢ Trustee | PARTY (Check One Box Only)<br>■ Debtor          ▢ U.S. Trustee/Bankruptcy Admin<br>▢ Creditor        ▢ Other<br>▢ Trustee |
| --- | --- |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
▢ 11-Recovery of money/property - §542 turnover of property
▢ 12-Recovery of money/property - §547 preference
▢ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
▢ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
▢ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
▢ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
▢ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
▢ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
■ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
          actual fraud
▢ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

          (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
▢ 61-Dischargeability - §523(a)(5), domestic support
▢ 68-Dischargeability - §523(a)(6), willful and malicious injury
▢ 63-Dischargeability - §523(a)(8), student loan
▢ 64-Dischargeability - §523(a)(15), divorce or separation obligation
          (other than domestic support)
▢ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
▢ 71-Injunctive relief – imposition of stay
▢ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
▢ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
▢ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
▢ 01-Determination of removed claim or cause

**Other**
▢ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
▢ 02-Other (e.g. other actions that would have been brought in state court
          if unrelated to bankruptcy case)

| ▢ Check if this case involves a substantive issue of state law | ▢ Check if this is asserted to be a class action under FRCP 23 |
| --- | --- |
| ■ Check if a jury trial is demanded in complaint | Demand $ **75,122.40** |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Daniel Dario Collazo, Jr.** | BANKRUPTCY CASE NO.<br>**2:15-bk-29263-BB** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISION OFFICE<br>**LOS ANGELES** | NAME OF JUDGE<br>**Hon. Sheri Bluebond** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* | | |
| DATE<br><br>3. 25. 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Salvador Hernandez Jaime** | |

## INSTRUCTIONS

　　　The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

　　　A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

　　　The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.